THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00087-MR
[CRIMINAL CASE NO. 2:10-cr-00009-MR]

| | |
|---|---|
| JAMES ERNEST LESPIER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's "Motion to Vacate the Judgment Rendered in Defendant's Section 2255 Motion and Reopen the Proceedings in Light of Newly Discovered Evidence of Jury Intimidation" [CV Doc. 16].[1]

## I. BACKGROUND

On June 1, 2010, the Petitioner was charged in a Bill of Indictment with second-degree murder, in violation of 18 U.S.C. §§ 1111 and 1153 (Count One), and with the use of a firearm during and in relation to a crime of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:19-cv-00087-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 2:10-cr-00009-MR.

violence, namely murder, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j)(1) (Count Two). [CR Doc. 5: Bill of Indictment]. The Federal Defenders of Western North Carolina was appointed to represent the Petitioner. The Petitioner executed a plea agreement, pursuant to which the Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss Count Two at the appropriate time. [CR Doc. 13: Plea Agreement]. Before the Rule 11 hearing could be held, however, the Petitioner retained counsel and withdrew his assent to the plea agreement. The grand jury subsequently returned a Superseding Bill of Indictment, charging the Petitioner with first-degree murder, in violation of 18 U.S.C. §§ 1111 and 1153, and with the use of a firearm during and in relation to a crime of violence, namely murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1). [CR Doc. 20: Superseding Bill of Indictment]. The case proceeded to a jury trial, and in June 2011, the jury found the Petitioner guilty of both first-degree murder and using a firearm during and in relation to a murder. [CR Doc. 86: Verdict]. The Court sentenced the Petitioner to a term of life imprisonment as to the first-degree murder offense and to a consecutive term of life imprisonment as to the firearm offense. [CR Doc. 99: Judgment].

The Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment. United States v. Lespier, 725 F.3d 437, 447-49 (4th Cir. 2013).

2

Case 1:19-cv-00087-MR   Document 17   Filed 02/22/23   Page 2 of 6

The Supreme Court denied the Petitioner's request for a writ of certiorari on January 13, 2014. Lespier v. United States, 134 S. Ct. 974 (2014).

In 2015, the Petitioner, through counsel, filed a motion to vacate pursuant to 28 U.S.C. § 2255, raising a number of ineffective assistance of counsel claims. [Civil Case No. 1:15-cv-00007-MR, Doc. 1]. In June 2016, the Court granted the Petitioner's Motion to Vacate, concluding that trial counsel had been ineffective in advising the Petitioner regarding the withdrawal of his assent to the Plea Agreement and in failing to convey a formal plea offer from the Government. [Civil Case No. 1:15-cv-00007-MR, Doc. 21]. The Court therefore ordered the Government to reoffer the plea proposal to the Petitioner. [Id.].

In July 2016, the Petitioner entered into a written Plea Agreement with the Government, agreeing to plead guilty to the lesser included offense of second-degree murder, in exchange for the Government's agreement to dismiss Count Two of the Superseding Bill of Indictment. [CR Docs. 20, 138]. In January 2017, this Court resentenced the Petitioner to a term of 348 months' imprisonment. [CR Doc. 160].

The Petitioner appealed, but the Fourth Circuit granted the Government's motion to dismiss the Petitioner's appeal, holding that the issues that the Petitioner sought to raise on appeal fell squarely within the

scope of his appellate waiver. [CR Docs. 162, 172]. The Petitioner filed a petition for writ of certiorari, which the Supreme Court denied the petition on March 19, 2018. Lespier v. United States, 138 S. Ct. 1307 (2018).

The Petitioner filed a second Motion to Vacate in March 2019. [CV Doc. 1]. In March 2020, the Court granted the Government's motion to dismiss and dismissed and denied the Petitioner's Motion to Vacate. [CV Doc. 9]. The Petitioner appealed, but his appeal was dismissed in December 2020 due to his failure to prosecute. [CV Doc. 15].

The Petitioner now returns to this Court, moving pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to "reopen" his § 2255 proceeding in light of "newly discovered evidence of jury intimidation" that occurred during his 2011 trial. [CV Doc. 16].

## II. DISCUSSION

Although styled as a motion under Rule 60, the Petitioner's motion directly attacks his conviction and sentence and therefore amounts to a successive application. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not

4

seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."); see also Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petitioner and should be treated accordingly.").[2]

A petitioner must obtain permission from the appropriate court of appeals before he may file a second motion under § 2255. 28 U.S.C. § 2255(h). Because the Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, the Court concludes that it is without jurisdiction to consider the merits of the present motion. The Petitioner's Rule 60(b) motion, therefore, will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. §

---

[2] The Petitioner appears to challenge the validity of his initial conviction and sentence on the grounds of recently discovered evidence of intimidation of a juror during his jury trial in 2011. That conviction, however, was vacated in the first round of § 2255 proceedings, and the Petitioner was permitted to plead guilty pursuant to a written plea agreement. He was subsequently convicted and sentenced, and a new Judgment was entered. Accordingly, any challenges to the Petitioner's first conviction have been rendered moot.

2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion to Vacate the Judgment Rendered in Defendant's Section 2255 Motion and Reopen the Proceedings in Light of Newly Discovered Evidence of Jury Intimidation" [CV Doc. 16] is **DISMISSED** as an unauthorized, successive Section 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 22, 2023

Martin Reidinger
Chief United States District Judge